STATE OF NORTH CAROLINA
v.
STEVEN MICHAEL ROBBS.
No. COA08-621
Court of Appeals of North Carolina.
Filed December 2, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Hal F. Askins and Assistant Attorney General Christopher W. Brooks, for the State.
Office of the Appellate Defender, by Assistant Appellate Defender Kristen L. Todd, for Defendant.
ARROWOOD, Judge.
On 3 January 2002, Defendant pled guilty pursuant to a plea agreement to: (1) second-degree murder; (2) assault with a deadly weapon inflicting serious injury; (3) driving while impaired (DWI); (4) driving while license revoked; (5) driving a motor vehicle with an unsealed alcoholic beverage in the passenger area; (6) operating a vehicle with no insurance; (7) displaying a fictitious, cancelled, revoked, suspended, or altered registration card, certificate of title, or registration; (8) operating a motor vehicle which was not registered with the Department of Motor Vehicles; and (9) operating a motor vehicle in an improper lane. The sentencing hearing was held on 17 January 2002, and the following facts were established through the testimony of two law enforcement officers.
On the evening of 24 July 2001 Defendant, the driver of a pickup truck, entered an exit ramp on Interstate 40 near Asheville traveling east in a westbound lane. On the exit ramp, Defendant passed several signs indicating that he was going the wrong way, but he continued traveling on Interstate 40 for approximately 812 feet before striking a Ford Escort head-on. The passenger in the Escort suffered broken bones in his neck, leg, and hand, and Defendant suffered lacerations on his nose and a concussion. The driver of the Escort died at the scene of the accident. Trooper Gene Williamson testified that, three-and-a-half hours after the accident, Defendant was not understandable, had slurred speech, was confused, smelled of alcohol, was combative, and could not remember anything before the accident. A blood sample was taken three hours after the accident and revealed that Defendant's blood alcohol content was .213. Trooper Williamson later spoke with defendant at the jail. Defendant told Trooper Williamson that he lived in Maiden and was going to Gastonia. Defendant drank three six-ounce bottles of Crown Royal as he drove, and had also taken some medication for depression that day. The only thing Defendant could remember about the accident was that he was trying to find Interstate 77 and thought "he could go that way."
At sentencing, the trial court found one aggravating factor, that Defendant "knowingly created a great risk of death to morethan one person by means of a weapon or device which would normally be hazardous to the lives of more than one person." The trial court also found two mitigating factors, but found that the aggravating factor outweighed the mitigating factors. With the exception of the DWI charge, the trial court consolidated all charges with the second-degree murder charge for judgment and sentencing, in accordance with the terms of the plea agreement. On the second-degree murder judgment, the trial court imposed a term of 313 to 385 months active imprisonment, which is within the aggravated range for a Class B2 felony and Defendant's prior record level of IV. On the DWI judgment, the trial court found three aggravating factors and imposed a consecutive term of 24 months active imprisonment. Defendant did not seek immediate appeal from his judgments, but this Court allowed defendant's petition for a writ of certiorari on 10 August 2004. The Buncombe County Superior Court appointed counsel to assist Defendant in perfecting his appeal on 31 August 2007.
Defendant only raises one issue on appeal. He contends that his aggravated sentence violates N.C. Gen. Stat. § 15A-1340.16(d) (2007), which prohibits the State from using evidence which is necessary to prove an element of an offense to also prove any factor in aggravation. Defendant concedes that this Court has previously decided this issue against him in State v. Ballard, 127 N.C. App. 316, 489 S.E.2d 454 (1997), rev'd on other grounds, 349 N.C. 286, 507 S.E.2d 38 (1998). He further concedes that under In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989), we are bound by that precedent. Nevertheless, Defendant ask us to reverse Ballard. We have no authority to do so. Id. We are bound by this Court's decision in Ballard, and find no error in Defendant's conviction or sentence.
No Error.
Judges TYSON and BRYANT concur.
Report per Rule 30(e).